FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA

2010 JAN 12 AM 10: 56

STEPHEN R. LUDWIG, CLERK
U.S. DISTRICT COURT
FOR THE NORTHERN DISTRICT
OF INDIANA

RICHARD LEE SNIDER )
)
Plaintiff, ) Civil Action No: 1:10CV008 JVB
)
vs. )
Fort Wayne Police Department ) Jury Trial Demanded
Defendant

## COMPLAINT

Plaintiff, Richard Lee Snider, hereby sues Defendant the Fort Wayne Police Department under 42 U.S.C. § 1983 for violations of the U.S. Constitution. As grounds therefore, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant 28 U.S.C. § 1331, as Plaintiff asserts claims arising under the laws of the United States.

2. Venue is proper in this judicial district pursuant 28 U.S.C. § 1391 (b) (2) because the events giving rise to the claims herein occurred within this judicial district.

### PARTIES

3. Plaintiff Richard Lee Snider is an individual and resident of the state of Indiana, county of Allen. Plaintiff is owner/operator of several rental properties. Plaintiff operates from a facility he owns located at 4609 Randall Court in Fort Wayne, Indiana.

4. Defendant Fort Wayne Police Department.

## **STATEMENT OF FACTS**

5. That on May 8th 2009 around 11:00 hrs Plaintiff was working in his shop located at 4609 Randall Court, Fort Wayne IN. All exterior doors were closed with no access from the outside or other living quarters in the building.

6. While inside his shop performing his daily duties, Defendant received a phone call from the Fort Wayne Police Department requesting that he remove his sidearm and exit the building with his hands up. Mr. Snider complied with the request. Mr. Snider was legally armed with a handgun at that time due to threats of death from one of the tenants. The threats stemmed from eviction proceedings. Upon exiting Mr. Snider was met with six Fort Wayne Police Department officers, three of which had guns drawn and pointed at Defendants head. He was searched and ordered to disclose the location of his weapon at which time the Plaintiff stated it was located inside the shop were he was working.

7. Fort Wayne Police Department officers entered Plaintiffs property without a search warrant and retrieved Mr. Sniders' firearm. Officers stated that the firearm would be taken to the Fort Wayne Police Department, Creighton Street station were Mr. Snider could retrieve the firearm after 14:30 hrs that same day. Plaintiff expressed his concern with the ability of the officers to take his weapon in direct violation of the 2nd Amendment.

8. Plaintiff went to the Creighton Street station to retrieve his weapon as instructed by the officers. Mr. Snider was informed that his weapon was being sent to the Indiana State Police Post for testing and would not be back for six weeks.

9. Approximately five weeks later Plaintiff received a phone call from the Fort Wayne Police Department, stating that the weapon was being kept indefinitely with no explanation or supporting documentation as required by IC 35-47-14-3.

## COUNT I

### (Second Amendment Violation)

10. Plaintiff realleges paragraphs 1 through 9 as if fully stated herein

11. All acts of the Defendant, agents, servants, employees, or persons acting at their behest or direction, as alleged herein, were done under the color and pretense of state law.

12. Plaintiff enjoys the right to keep and bear arms as guaranteed by the Second Amendment to the United States Constitution.

13. Plaintiff was exercising his right to keep and bear arms due to death threats made toward his family and himself by the tenant of the upper unit at 4609 Randall Court. Plaintiff is licensed to carry and has had weapons training while serving with the United States Air Force.

14. Defendants, acting under the color of state law, violated Plaintiffs Second Amendment right by seizing his weapon.

15. Defendants continue to violate Plaintiffs Second Amendment right by holding the weapon.

16. Defendant has filed to provide to the Court having jurisdiction over the person any documentation as to why the Plaintiffs' weapon was seized as instructed by IC 35-47-14-3 Post-seizure procedures.

## COUNT II

### (Fourth Amendment protection from unreasonable search and seizure)

17. Plaintiff realleges paragraphs 1 through 16 as if fully stated herein.

18. All acts of the Defendant, agents, servants, employees, or persons acting at their behest or direction, as alleged herein, were done under the color and pretense of state law.

19. Plaintiff has a constitutionally protected right from unreasonable search and seizure under the Fourth Amendment to the U.S. Constitution.

20. Defendant search of Plaintiff's property was in violation of IC 35-47-14-3 (c) in which the officer is not allowed to perform a warrant less search or seizure if a warrant would otherwise be required.

## COUNT III

### (Fifth Amendment right to due process)

21. Plaintiff realleges paragraphs 1 through 20 as if fully stated herein.
22. All acts of the Defendant, agents, servants, employees, or persons acting at their behest or direction, as alleged herein, were done under the color and pretense of state law.
23. Plaintiff has a constitutionally protected right to due process that has been violated by the Defendant
24. That per IC 35-47-14-3 documentation is to be filed with the Court if a firearm is seized without a warrant. As of the date of this filing of this lawsuit, law enforcement has failed to file any documentation with the Court. It is required under IC 25-47-14-4 that the law enforcement officer that served a warrant to seize a firearm shall file a return with the Court not later than forty-eight (48) hours after serving the warrant. Even though a warrant was not served the officer did fail to file the proper documentation with the court in a timely manner. Per this section the court shall set the hearing date as soon as possible after the return is filed under section 4 of this chapter. The court shall inform:
    (1) the prosecuting attorney; and
    (2) the individual from whom the firearm was seized;
25. As direct and proximate result of the violations of his constitutional rights, Plaintiff suffered substantial damages, including emotional distress, personal humiliation and embarrassment.

**Wherefore,** Plaintiff demands judgment be entered against Defendant, including an award of damages, including punitive damages, reasonable attorneys' fees, costs, and other such relief as the Court deems just and proper.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

Dated:                    Respectfully submitted,

*/s/ Richard L. Snider*

Richard L. Snider
4420 North Washington Road
Fort Wayne, In 46804
Telephone (260)740-1930
Fax (260) 459-8885
Email: Richard.Snider@verizon.net